UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| WVUE 2015-1 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:19-cv-00364-JDL |
| v. | ) | |
| | ) | |
| DOONAN, GRAVES & LONGORIA, LLC, et al | ) | |
| | ) | |
| Defendants | ) | |

## DEFENDANTS' ANSWER TO COMPLAINT
## AND DEMAND FOR JURY TRIAL

NOW COME the Defendants, Doonan, Graves & Longoria, LLC and John A. Doonan ("Defendants"), by and through undersigned counsel, and answer Plaintiff's Complaint (the "Complaint") as follows:

1. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 of the Complaint.

2. Defendants admit the allegations of paragraph 2 of the Complaint.

3. Defendants admit the allegations of paragraph 3 of the Complaint, with the clarification that Defendant Doonan is a member of Doonan, Graves & Longoria, LLC.

## JURISDICTION

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint.

1

## VENUE

5.     Defendants admit the allegations of paragraph 5 of the Complaint, with the qualification that Defendants deny that "alleged legal malpractice" occurred, or that it occurred in Maine.

## GENERAL ALLEGATIONS

6.     Defendants admit the allegations of paragraph 6 of the Complaint.

7.     Defendants admit the allegations of paragraph 7 of the Complaint.

8.     Defendants admit the allegations of paragraph 8 of the Complaint, with the qualification that the "attorney-client relationship" existed only within the scope of this representation.

9.     Defendants admit the allegations of paragraph 9 of the Complaint.

10.     Defendants admit the allegations of paragraph 10 of the Complaint, with the qualification that the Complaint of Foreclosure alleged that WVUE 2015-1 was the assignee under an Assignment of Mortgage dated December 10, 2015 (Complaint Ex. A ¶ 14), and owner of an Adjustable Rate Note pursuant to delivery by the previous holder, while specifically alleging that the original Adjustable Rate Note could not be located (Complaint Ex. A ¶ 5).

11.     Defendants admit the allegations of paragraph 11 of the Complaint, with the qualifications stated in paragraph 10, above, including that the original Adjustable Rate Note could not be located (Complaint Ex. A ¶ 5).

12.     Defendants admit the allegations of paragraph 12 of the Complaint.

13. Defendants admit the allegations of paragraph 13 of the Complaint, but deny that the alleged "default" could be enforced by WVUE 2015-1 under current Maine law governing foreclosure rights of mortgagees.

14. Defendants admit that John W. Allen, Jr. was represented by Thomas Cox, Esq; Defendants are without knowledge or information sufficient to form a belief as to the truth of the rest of allegations of paragraph 14 of the Complaint.

15. Defendants admit the allegations of paragraph 15 of the Complaint.

16. Defendants admit the allegations of paragraph 16 of the Complaint, with the qualification that Defendants deny any implications that the quoted section of the Court's order is "pertinent" as alleged.

17. Defendants admit the allegations of paragraph 17 of the Complaint, with the qualification that Defendants deny any implications that the quoted section of the Court's order is "pertinent" as alleged.

18. Defendants admit the allegations of paragraph 18 of the Complaint.

19. Defendants admit that a motion *in limine* was filed, but are without knowledge or information sufficient to form a belief as to the truth of the rest of allegations of paragraph 19 of the Complaint.

20. Defendants admit that John Doonan appeared at the Superior Court in Alfred Maine with witnesses, but are without current knowledge or information sufficient to form a belief as to the truth of the rest of the allegations of paragraph 20 of the Complaint.

21. Defendants admit the allegations of paragraph 21 of the Complaint, with the qualification that Mr. Allen appeared through counsel at the trial.

22. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Complaint.

23. Defendants admit the allegations of paragraph 23 of the Complaint.

24. Defendants admit the allegations of paragraph 24 of the Complaint, with the qualification that other arguments were also made in support of the burden of proof of the amount due.

25. Defendants admit the allegations of paragraph 25 of the Complaint, with the qualification that other arguments were also made in support of the burden of proof of the amount due.

26. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 of the Complaint; by way of further answer, Defendants note that the quotation of the Superior Court may be out of context, and does not appear to be a complete sentence.

27. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint; by way of further answer, Defendants note that the quotation of the Superior Court may be out of context.

28. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Defendants deny the allegations of paragraph 29 of the Complaint.

30. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30 of the Complaint; by way of further answer, Defendants note that the quotation of the Superior Court may be out of context, and not

a proximate cause or legal basis for Plaintiff WVUE-2015-1's legal inability to enforce its rights under the Assignment of Mortgage and Adjustable Rate Note.

31. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint; by way of further answer, Defendants note that the quotation of the Superior Court may be out of context, and not a proximate cause or legal basis for Plaintiff WVUE-2015-1's legal inability to enforce its rights under the Assignment of Mortgage and Adjustable Rate Note.

32. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint, and therefore deny same.

33. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33 of the Complaint.

34. Defendants admit the allegations of paragraph 34 of the Complaint, with the qualification that other arguments were also made in support of the burden of proof of the amount due.

35. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint.

36. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint; by way of further answer, Defendants state that no such witness was produced by WVUE-2015-1, which had been forewarned that such a witness might be necessary, and upon information and belief, no such witness could have been located within WVUE-2015-1's relevant loan servicers.

37. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. Defendants are without current knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38 of the Complaint.

39. Defendants admit that the Superior Court ruled that WVUE-2015-1 did not meet the burden of proof on the amount due, but Defendants deny that the Superior Court's ruling in that respect was without error, and deny that any act or omission of Defendants proximately caused the adverse result to Plaintiff WVUE-2015-1.

## COUNT I
## NEGLIGENCE

40. Defendants repeat and incorporate by reference their responses to the allegations contained in paragraphs 1 through 39 above.

41. Defendants admit the allegations of paragraph 41 of the Complaint.

42. Defendants deny the allegations of paragraph 42 of the Complaint, including denial of subparagraphs 42(a) through 42(g).

43. Defendants deny the allegations of paragraph 43 of the Complaint.

WHEREFORE, Defendants request that this Court deny Plaintiff its demanded relief, dismiss Plaintiff's Complaint, and enter judgment in the Defendants' favor in accordance with law and equity; and to award the Defendants costs and expenses to which they may be entitled, and order such other further relief to the Defendants as may be necessary and appropriate under law or equity. Defendants demand trial by jury on all issues so triable as a matter of right.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's Complaint may be barred in whole or in part by comparative fault, including but not limited to the provisions of 14 M.R.S. § 156 which bars recovery by a claimant found to be equally at fault.

3. Plaintiff's Complaint may be barred in whole or in part by failure to mitigate damages.

4. Plaintiff's Complaint may be barred in whole or in part by the doctrine of assumption of risk.

5. Plaintiff's Complaint may be barred in whole or in part by intervening and/or superseding causes, or intervening/superseding conduct of third parties beyond the control of Defendants.

6. Plaintiff's Complaint may be barred in whole or in part by the doctrine of waiver, or by the doctrine of equitable estoppel or estoppel *in pais*.

7. Plaintiff's Complaint may be barred in whole or in part by the doctrine of judgmental immunity for decisions of trial attorneys.

8. Plaintiff's Complaint may be barred in whole or in part by the doctrine of judicial estoppel.

9. Plaintiff's Complaint may be barred in whole or in part by the doctrine of mootness.

10. Plaintiff's Complaint may be barred in whole or in part by the doctrine of uncollectability in the underlying matter or matters.

WHEREFORE, Defendants request that this Court deny Plaintiff its demanded relief, dismiss Plaintiff's Complaint, and enter judgment in the Defendants' favor in accordance with law and equity; and to award the Defendants costs and expenses to which they may be entitled, and order such other further relief to the Defendants as may be necessary and appropriate under law or equity.  Defendants demand trial by jury on all issues so triable as a matter of right.

Dated at Portland, Maine this 3rd day of October, 2019

                                                NORMAN, HANSON & DETROY, LLC

                                                /s/ Russell B. Pierce, Jr.
                                                Russell B. Pierce, Jr., Esq.
                                                Mark G. Lavoie, Esq.
                                                Attorneys for Defendants

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000
rpierce@nhdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3 2019, I electronically filed **DEFENDANTS' ANSWER TO COMPLAINT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                                /s/ Russell B. Pierce, Jr.
                                                Russell B. Pierce, Jr., Esq.
                                                Attorney for Defendants

                                                Norman, Hanson & DeTroy, LLC
                                                Two Canal Plaza, P.O. Box 4600
                                                Portland, ME  04112-4600
                                                (207) 774-7000
                                                rpierce@nhdlaw.com