UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | | |
|---|---|---|
| WVUE 2015-1 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:19-cv-00364-JDL |
| v. | ) | |
| | ) | |
| DOONAN, GRAVES & LONGORIA, LLC, et al | ) | |
| | ) | |
| Defendants | ) | |


**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING FINAL RESOLUTION OF APPEAL OF UNDERLYING MATTER**

NOW COME the Defendants in the above-captioned matter, by and through undersigned counsel, and hereby move to stay proceedings in this matter pending final resolution of the underlying case forming the basis of Plaintiff's professional negligence action. The underlying case is the matter of *WVUE-2015-1 v. Allen*, currently pending before the Maine Supreme Judicial Court, sitting as the Law Court, Docket No. YOR-19-163.

As the pleadings on this docket reflect, Plaintiff WVUE-2015-1 has brought this action for professional negligence against its former attorneys, for matters arising out of the *WVUE-2015-1 v. Allen* foreclosure litigation in York County Superior Court, and now on appeal to the Law Court. Plaintiff WVUE-2015-1 retained separate counsel (not counsel of record in this matter) to represent it in that appeal. Upon inquiry to the Office of the Clerk of the Law Court, the undersigned has determined that the briefing of the matter before the Law Court is now complete, and the parties await assignment of the matter on an oral argument list (or notice that

the matter will be submitted on the briefs without argument). The Law Court matter is therefore reaching the final stages of state court litigation.

The final outcome of the Law Court matter will significantly impact this case. In at least one potential, an outcome favorable to Plaintiff WVUE may moot this present action. Alternatively, even if a Law Court final resolution results in an unfavorable disposition to Plaintiff WVUE, the Law Court's decision may impact the scope of claims or defenses in this case, and may impact the case-within-a-case proximate causation issues currently raised by Plaintiffs Complaint. See *Brooks v. Lemieux*, 2017 ME 55, ¶ 18, 157 A.2d 798, 804 (in an action against attorneys, "[t]his traditional method of presenting the merits of the underlying action is often called the 'case-within-a-case.'") (quoting *Bozelko v. Papastavros*, 323 Conn. 275, 147 A.3d 1023, 1029 (Conn. 2016)).

This Court has the discretion to grant a temporary stay. *Wittman v. Aetna Health, Inc.*, 2014 WL 4772666 * 1 (D. Me. September 24, 2014); *Good v. Altria Grp., Inc.,* 624 F.Supp.2d 132, 134 (D.Me.2009). "Generally, in evaluating whether to issue a stay, a court will consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party without a stay; and, (3) judicial economy." *Id.*

In this case, given the progress of the Law Court proceedings already to date, the requested stay is likely to be of short duration. The undersigned will promptly report to this Court on the status and disposition of the proceedings in the Law Court, and will agree to provide at least 60-day status reports to this Court in order to monitor the stay period and its duration. Given the significance of the Law Court proceedings as the "case-within-a-case" to this action, the requested stay will serve the interests of judicial economy and conserve the parties' resources related to discovery proceedings, by ensuring that the parties' discovery is

focused based upon the outcome of the Law Court case. And indeed, should Plaintiff WVUE prevail on its appeal, Plaintiff WVUE would have a favorable ruling in state court that might obviate in whole or in part its pursuit of this legal professional negligence action.

Therefore, the request to stay will not prejudice the non-moving party. If the short stay of proceedings is not granted, the hardship or inequity to the Defendants could be significant, because they would be compelled to defend and litigate a case, and incur related expense, which could be rendered unnecessary in at least one alternative of the final outcome of the Law Court proceedings.

WHEREFORE, Defendants respectfully request this Court grant a stay of proceedings pending final decision and mandate in *WVUE-2015-1 v. Allen*, Law Court Docket No. YOR-19-163. Defendants' counsel agrees to provide status reports on the Law Court matter every 60 days following entry of this Court's order for stay of proceedings.

Dated at Portland, Maine this 3rd day of October, 2019

<div align="right">

NORMAN, HANSON & DETROY, LLC

/s/ Russell B. Pierce, Jr.
Russell B. Pierce, Jr., Esq.
Mark G. Lavoie, Esq.
Attorneys for Defendants

</div>

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000
rpierce@nhdlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 3 2019, I electronically filed **DEFENDANTS'**

**MOTION TO STAY PROCEEDINGS PENDING FINAL RESOLUTION ON APPEAL**

**OF UNDERLYING MATTER** with the Clerk of Court using the CM/ECF system which will

send notification of such filing to all counsel of record.

<div style="margin-left: 40%;">

/s/ Russell B. Pierce, Jr.
Russell B. Pierce, Jr., Esq.
Attorney for Defendants

Norman, Hanson & DeTroy, LLC
Two Canal Plaza, P.O. Box 4600
Portland, ME  04112-4600
(207) 774-7000
rpierce@nhdlaw.com

</div>